IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMAR REESE,                               )
                                           )
                                           )  No. 2:25-cv-01237-RJC-MPK
              Petitioner,                  )
                                           )
                                           )
       v.                                  )
                                           )  District Judge Robert J. Colville
                                           )
WARDEN OF ALLEGHENY COUNTY                 )  Magistrate Judge Maureen P. Kelly
JAIL and DISTRICT ATTORNEY OF              )
ALLEGHENY COUNTY,                          )
                                           )
                                           )
              Respondents.                 )

**ORDER OF COURT**

Currently pending before the Court is the Report and Recommendation (ECF No. 27) filed by the Honorable Maureen P. Kelly in the above-captioned matter. Judge Kelly's January 23, 2026 Report and Recommendation recommends that the Court grant Respondents' Motion to Dismiss (ECF No. 18) and dismiss Petitioner's Petition for Writ of Habeas Corpus (ECF No. 6) without the issuance of a certificate of appealability. Further, the Report and Recommendation recommends that Petitioner's Motion for Emergency Review, Preliminary Injunction, and Imediate [sic] Release Pending Habeas Corpus Under 28 U.S.C. § 2241(c)(3) (ECF No. 15) and his Motion to Expedite Habeas Review and Immediate Relief (ECF No. 25) be denied as moot. Objections to the Report and Recommendation were due by February 9, 2026. Petitioner filed his Objections (ECF No. 28) to the Report and Recommendation on February 18, 2026. The Court considers this matter to be ripe for disposition.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No.

1

2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo."  *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).  A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law.  *Id*.  "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).  "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'"  *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3).  The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made.  *Id.*  Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that, "even absent

objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Here, relevant to Petitioner's Objections, Judge Kelly recommends that the Court grant Respondents' Motion to Dismiss and dismiss Petitioner's Petition for Writ of Habeas Corpus finding that Petitioner has not exhausted his claims and there are no extraordinary circumstances to otherwise justify intervention. Petitioner objects to the Report and Recommendation arguing that Judge Kelly erred by "treating this case as a failure to exhaust problem rather than a due process violation with no available state remedy." ECF No. 28 at 1. He further argues that Judge Kelly failed to consider that "Petitioner is procedurally barred from exhausting his state remedies through no fault of his own." *Id.* Additionally, Petitioner argues that he is not challenging the state court's January 23, 2025 denial of his motion to modify bail but, is instead, challenging his being re-detained. *Id.* at 2. Lastly, Petitioner argues that if the Court finds that he has not exhausted his claims, dismissal is not the proper remedy as the Court should instead "stay the Petition while the state court is directed or given an opportunity to act." *Id.* at 7. Outside of these objections, Petitioner argues the merits of his Petition.

Petitioner's objections are overruled. Judge Kelly sets forth the appropriate standard that in order for Petitioner to properly exhaust his claims challenging bail, Petitioner had to file a petition for specialized review with the Superior Court of Pennsylvania within thirty days of the date the order was issued. A review of the record shows that Petitioner did not exhaust his claims and he has not demonstrated sufficient cause or prejudice to excuse his failure to exhaust his administrative remedies. Because the Court agrees with Judge Kelly that Petitioner has failed to

exhaust his administrative remedies, the Court need not reach the merits of Petitioner's claims.  As for Petitioner's objection that dismissal is not appropriate, the Court likewise overrules this objection.  "[A] stay of a federal habeas petition pending the exhaustion of state court remedies is available only where: (1) the petitioner has shown good cause for failing to exhaust his claims first in state court; (2) his unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics."  *Small v. Sorbia*, No. 21-cv-604, 2022 WL 20273567, at *1, n.1 (E. D. Pa. July 7, 2022) (citing *Rhines v. Weber*, 544 U.S. 269, 277-28 (2005)).  Here, a review of the record makes it clear that Petitioner cannot meet these requirements and, therefore, a stay is not appropriate.

As such, upon de novo consideration of Judge Kelly's Report and Recommendation (ECF No. 27), Petitioner's Petition for Writ of Habeas Corpus (ECF No. 6), Respondents' Motion to Dismiss (ECF No. 18),  Petitioner's Motion for Emergency Review, Preliminary Injunction, and Imediate [sic] Release Pending Habeas Corpus Under 28 U.S.C. § 2241(c)(3) (ECF No. 15), Petitioner's Motion to Expedite Habeas Review and Immediate Relief (ECF No. 25), and Petitioner's Objections to the Report and Recommendation (ECF No. 28), and following review of all relevant docket entries, it is hereby ORDERED as follows:

The Court agrees with the thorough and well-reasoned analysis set forth in Judge Kelly's Report and Recommendation, and the Court accepts and adopts Judge Kelly's Report and Recommendation in its entirety as the opinion of the Court with respect to the above pending Motions.  Petitioner's Objections are overruled.  It is hereby further ORDERED that:

1.   Respondents' Motion to Dismiss (ECF No. 18) is GRANTED;

2. Petitioner's Petitioner for Writ of Habeas Corpus (ECF No. 6) is DISMISSED for failure to exhaust his administrative remedies and a certificate of appealability is DENIED;

3. Petitioner's Motion for Emergency Review, Preliminary Injunction, and Imediate [sic] Release Pending Habeas Corpus Under 28 U.S.C. § 2241(c)(3) (ECF No. 15) and Motion to Expedite Habeas Review and Immediate Relief (ECF No. 25) are DENIED as moot; and

4. As there are no further matters pending before the Court, the Clerk of Court shall mark this case as CLOSED.

BY THE COURT:

/s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: April 2, 2026

cc:

All counsel of record

Jamar Reese
139378
Allegheny County Jail
950 Second Ave.
Pittsburgh, PA 15219